UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:

Kenneth G. Hauser,

                Debtor.
----------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee
of the Estate of Kenneth G. Hauser,

                Plaintiff,

        -against-

Lorraine Hauser,

                Defendant.
----------------------------------------------------------X

Chapter 7

Case No. 805-87927-511

Adv. Pro. No.

**COMPLAINT**

Marc A. Pergament, Chapter 7 Trustee of the Estate of Kenneth G. Hauser, by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

    1.     This action arises under 11 U.S.C. §§ 541, 544 and 550 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and § 270 et seq. of the New York Debtor and Creditor Law.

    2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the pending Chapter 7 case of Kenneth G. Hauser.

    3.     Venue is proper in this district pursuant to 28 U.S.C. § 1409 (a).

**THE PARTIES**

    4.     Marc A. Pergament is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. § 704, having been appointed after the Debtor filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code, has duly qualified as such, and by operation of law, became the permanent Trustee of this case.

5.    On October 11, 2005 (the "Petition Date"), Kenneth G. Hauser (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.    Upon information and belief, at all relevant times herein, Defendant Lorraine Hauser ("Defendant") has been a domiciliary of the State of New York, residing at 36 Cheryl Drive, Lake Ronkonkoma, New York and is the ex-wife of the Debtor.

7.    Upon information and belief, through on or about Mary 19, 2003, the Debtor and Defendant were the owners in fee as tenants by the entireties of certain real property located at 36 Cheryl Drive, Lake Ronkonkoma, New York (the "Premises").

8.    Upon information and belief, on or about May 19, 2003, the Debtor and Defendant transferred their interest in the Premises to Defendant (the "Transfer").

9.    Upon information and belief, the Transfer was evidenced by a Deed, that was duly recorded.

10.    Upon information and belief, the Transfer of the Premises was made without sufficient consideration.

11.    Upon information and belief, the Debtor continues to reside at the Premises.

### AS AND FOR A FIRST CLAIM FOR RELIEF

12.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "11" of this Complaint as if more fully set forth at length herein.

13.    Upon information and belief, the Debtor did not receive adequate consideration in exchange for the Transfer to Defendant within the meaning of New York Debtor and Creditor Law § 272.

2

14.    Upon information and belief, on the date of the Transfer to Defendant, without sufficient consideration, the Debtor knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

15.    Upon information and belief, the Debtor's knowledge of such inability to pay such debts requires the Transfer to be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

16.    The recording of the deed by Defendant was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275.

17.    Upon information and belief, on the date of the filing of the Debtor's bankruptcy petition, there were actual existing creditors of the Debtor who could have avoided the Transfer under New York Debtor and Creditor Law § 275.

18.    By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law §278 setting aside the Transfer or awarding the Plaintiff damages in a sum to be determined at trial, plus interest from May 19, 2003.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" of this Complaint as if more fully set forth at length herein.

20.    Upon information and belief, the Transfer to Defendant was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

21.    By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law §278 setting aside the Transfer or awarding the Plaintiff damages in a sum to be determined at trial, plus interest from May 19, 2003.

## AS AND FOR A THIRD CLAIM FOR RELIEF

22.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" of this Complaint as if more fully set forth at length herein.

23.    Upon information and belief, the Transfer to Defendant was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

24.    By reason of the actual intent of Defendant to defraud the creditors of the Debtor, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

WHEREFORE, Marc A. Pergament, Plaintiff-Trustee respectfully requests that this Court enter judgment against Defendant Lorraine Hauser as follows:

a.    As to the First Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 275 and 278, setting aside the Transfer to Defendant Lorraine Hauser, or in the alternative, awarding the Plaintiff damages in a sum to be determined at trial, plus interest from May 19, 2003;

b.    As to the Second Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 276 and 278, setting aside the Transfer to Defendant Lorraine Hauser, or in the alternative, awarding the Plaintiff damages in a sum to be determined at trial, plus interest from May 19, 2003;

c.    As to the Third Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 276-a, awarding Plaintiff's legal fees incurred in this adversary proceeding;

d.    Together with the costs and disbursements incurred herein; and

4

e.      Such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
         January 26, 2006

                      Weinberg, Gross & Pergament LLP
                      Attorneys for Plaintiff-Trustee

By:      _____
                      Marc A. Pergament (MP-6183)
                      400 Garden City Plaza, Suite 403
                      Garden City, New York  11530
                      (516) 877-2424